Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | PHILIP G. REINHARD | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 50317 | DATE | OCT 02 2003 |
| CASE TITLE | John Briscoe (IDOC #N52387) v. C/O R. Bock, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]    For the reasons stated on the reverse Memorandum Opinion and Order, plaintiff's motion for leave to file in forma pauperis is granted. The initial partial filing fee is waived. The court orders the trust fund officer at plaintiff's current place of incarceration to make deductions from plaintiff's account and payments to the court as set forth herein. The clerk shall send a copy of this order to the trust fund officer at Pontiac Correctional Center. This action is dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted, terminating case. Any pending motions are denied as moot. This dismissal counts as one of plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | OCT - 2 2003 | |
| | Notified counsel by telephone. | | date docketed | 5 |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | OCT - 2 2003 | |
| | | | date mailed notice | |
| KS | courtroom deputy's initials | U.S. DISTRICT COURT | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |
| | | 03 OCT -2 PM 2:25 | | |

(Reserved for use by the Court)

# MEMORANDUM OPINION AND ORDER

Plaintiff John Briscoe, a prisoner in the custody of the Illinois Department of Corrections (IDOC) at Pontiac Correctional Center, filed this pro se civil rights action under 42 U.S.C. § 1983 and seeks to proceed in forma pauperis. Finding that he is unable to prepay the filing fee, the court grants the motion. According to the statement submitted with his in forma pauperis application, plaintiff has neither available funds nor means to pay the initial partial filing fee otherwise required by 28 U.S.C. § 1915(b)(1). As 28 U.S.C. § 1915(b)(4) requires that a prisoner not be prohibited from bringing suit because of inability to pay, the initial partial filing fee is waived. The trust fund officer at plaintiff's current place of incarceration is ordered to collect monthly payments from plaintiff's trust fund account in the amount of 20% of the preceding month's income credited to the account. Monthly payments collected from plaintiff's trust fund account shall be forwarded to the clerk of court each time the account balance exceeds $10 until the full $150 filing fee is paid. Separate deductions and payments shall be made with respect to each action or appeal filed by plaintiff. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Fiscal Dept., and shall clearly identify plaintiff's name and the case number assigned to this action. The clerk shall send a copy of this order to the trust fund officer at Pontiac Correctional Center.

Under 28 U.S.C. § 1915A, part of the Prison Litigation Reform Act of 1996 (PLRA), the court is required to review complaints filed by prisoners against officers or employees of governmental entities and dismiss any portion of the complaint it finds frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. The court finds the complaint does not state a claim upon which relief may be granted.

Plaintiff alleges that on January 8, 2003, when he was confined at Dixon Correctional Center, he and four other prisoners were placed in administrative segregation and taken to Pontiac Correctional Center after refusing to eat a prison meal for religious reasons. On January 13, 2003, plaintiff was charged with the disciplinary offenses of "dangerous disturbance" and "abuse of privileges." On January 20, 2003, the Adjustment Committee at Pontiac found plaintiff guilty and on January 23, 2003, Warden Stephen D. Mote approved the recommended penalty of one year in segregation and the loss of one year of good time credit.

Plaintiff filed an administrative grievance dated April 30, 2003, attached as an exhibit to the complaint, asserting that there was no demonstration or disturbance, but that the prisoners only refused to eat the meal after the menu had been changed without notice. Because the incident occurred at Dixon but the grievance was filed at Pontiac, the grievance went directly to IDOC's Administrative Review Board, which rejected plaintiff's grievance as untimely in a notice dated May 6, 2003, a copy of which is also attached to the complaint. Plaintiff attached a copy of a second grievance dated July 23, 2003, but does not indicate that he received any response before filing suit on August 8, 2003, claiming that defendants deprived him of his First Amendment right to practice his religion.

After the enactment of the Prison Litigation Reform Act in 1996, prisoners must exhaust available administrative remedies before bringing suit. 42 U.S.C. § 1997e(a). Exhaustion means that the prisoner has "complete[d] the administrative process by following the rules the state has established for that process." *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002). "Any other approach . . . would defeat the statutory objective of requiring the prisoner to give the prison administration an opportunity to fix the problem--or to reduce the damages and perhaps to shed light on factual disputes that may arise in litigation even if the prison's solution does not fully satisfy the prisoner." *Id.* at 1023-24. IDOC regulations provide that "[a] grievance shall be filed within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance." 20 Ill. Admin. Code § 504.810(a). Warden Mote's approval of the Adjustment Committee's recommendation was served on plaintiff on February 18, 2003. Plaintiff's April 30, 2003, grievance was properly rejected as untimely, meaning that plaintiff did not exhaust available administrative remedies and cannot bring suit under 42 U.S.C. § 1983.

This action is accordingly dismissed for failure to state a claim upon which relief may be granted. As it is now impossible for plaintiff to complete the prescribed steps of the administrative grievance procedure, dismissal is with prejudice. This dismissal counts as one of plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
### Western Division

John Briscoe

v.

C/O Bock, et al.

**JUDGMENT IN A CIVIL CASE**

Case Number: 03 C 50317

☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■ Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that plaintiff's motion for leave to file in forma pauperis is granted. The initial partial filing fee is waived. The court orders the trust fund officer at plaintiff's current place of incarceration to make deductions from plaintiff's account and payments to the court as set forth in the minute order of October 2, 2003. The clerk shall send a copy of this order to the trust fund officer at Pontiac Correctional Center. This action is dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted, terminating case. Any pending motions are denied as moot. This dismissal counts as one of plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

Michael W. Dobbins, Clerk of Court

Date: 10/2/2003

Susan M. Wessman, Deputy Clerk